## PETER N. ELLAIR, RELATOR v. WAYNE CIRCUIT JUDGE.

*Wills—Dismissal of appeal from probate—New issues—Certiorari.*

New issues need not be framed in the circuit court in will cases.

Dismissal of an appeal from the probate of a will is a final judgment which remands the proceedings to the probate court, and which cannot be set aside if not complained of within the two years allowed for removing proceedings to the Supreme Court on error or *certiorari.*

Costs may be granted against a circuit judge on allowing a writ of mandamus to compel him to vacate an illegal order.

Mandamus. Submitted June 29. Granted July 1.

*Ed. E. Kane* for relator. An order dismissing an appeal from the probate of a will is a final judgment in the case: Bouv. Law Dict. tit. "Judgment;" 3 Bl. Com. 395; Freeman on Judgments (2d. ed.) §§ 2, 16; *Insurance Co. v. Swift* 12 Minn. 444; *Belt v. Davis* 1 Cal. 138; and if irregular a motion to correct it must be prompt: *Creveling v. Moore* 39 Mich. 565; *Montgomery v. Merrill* 36 Mich. 104; *Rogers v. Rogers* 1 Paige 188; *Verplank v. Hall* 21 Mich. 471; *O'Flynn v. Eagle* 7 Mich. 308; *Smith v. Mitchell* 9 Mich. 261; *People v. Calhoun Circuit Judge* 1 Doug. (Mich.) 419; *Nichols v. Nichols* 10 Wend. 560.

*George H. Prentis* for respondent.

CAMPBELL, J. Relator seeks a *mandamus* to vacate an order of respondent restoring an appeal which had been previously dismissed.

The appeal was dismissed December 13, 1876, for a failure by the appellant from the probate of a will to file a declaration on appeal. The order to restore it was made on a motion entered April 12, 1880.

It has been frequently held that no new issues need be framed in the circuit court in will cases. But nevertheless the dismissal was a final judgment which remanded the pro-

ceedings to the probate court, and which could not be set aside unless complained of within the proper ·time.    We need not inquire whether the circuit court would have the right to act at any time within two years.    It certainly could not interfere after the time had expired for removing the order complained of to this· court.    No writ of error or· *certiorari* would lie from this court after two years unless in cases specially saved by statute for disability, and no such case is presented here.

In the present case more than three years had elapsed before any attempt was made to restore the cause which had been dismissed.    This was too late, and the action was illegal.

A *mandamus* must issue as prayed, with costs.

The other Justices concurred.